# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,
  v.

Gary Bernard Cain,

       Defendant.

**ORDER**
Criminal No. 04-392 ADM/AJB
Civil No. 16-2138

_____

Angela M. Munoz-Kaphing, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

James S. Becker, Assistant Federal Defender, Office of the Federal Defender, Minneapolis, MN, on behalf of Defendant.

_____

On January 11, 2005, Defendant Gary Bernard Cain ("Cain") entered a plea of guilty to three counts of bank robbery. See Min. Entry [Criminal Docket No. 22].[1] At the plea hearing, Cain agreed he was a career offender based on his criminal history. Cain's resulting sentencing guideline range was 168–210 months. On May 31, 2005, Cain was sentenced to 168 months imprisonment. See Sentencing J. [Docket No. 26]. The sentence was affirmed on direct appeal by the Eighth Circuit Court of Appeals. United States v. Cain, 167 F. App'x 580 (8th Cir. 2006).

On June 24, 2016, Cain filed a Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 38] (the "Motion"). In the Motion, Cain argues that his sentence was enhanced by the career offender provision of the United States Sentencing Guidelines, U.S.S.G. § 4B1.1, due to a prior conviction for Theft of a Motor Vehicle. At the time Cain was sentenced, Theft of a Motor Vehicle qualified as a "crime of violence" only by way of the residual clause of the Guidelines, § 4B1.2(a)(2). Cain argues that new and retroactive law abrogates that determination.

---

[1] All docket citations are to the Criminal Docket.

On July 11, 2016, the Motion was stayed pending resolution of Beckles v. United States. See Order [Docket No. 44]. The question presented in Beckles was whether the rule of Johnson v. United States, 135 S. Ct. 2551 (2015)—holding the residual clause of the Armed Career Criminal Act unconstitutionally vague and retroactively available on collateral appeal—applied to the Career Offender enhancement under the sentencing guidelines. Because Beckles was likely to have a significant effect on the resolution of Cain's Motion, the Government's Motion to Stay [Docket No. 43] was granted.

On March 6, 2017, the Supreme Court decided Beckles by holding the residual clause in § 4B1.2(a)(2) is not void for vagueness. 137 S. Ct. 886, 892 (2017). Since Cain's Motion rests entirely upon his contention that Johnson's void-for-vagueness holding would be extended to the Career Offender enhancement under the sentencing guidelines, Beckles squarely forecloses Cain's Motion.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Gary Bernard Cain's Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 38] is **DENIED**. A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 26, 2017.